UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Scott Meyer,                                          Case No. 24-cv-0549 (DWF/JFD)

                    Plaintiff,

v.                                                              ORDER

John/Jane Doe, et al.,

                    Defendants.

Plaintiff Scott Meyer brings suit against United States Attorney General Merrick

Garland and an unnamed agent of the Federal Bureau of Investigation ("FBI"), seeking

relief for alleged violations of his rights under the Second and Fifth Amendments to the

United States Constitution. Before the Court are four pre-trial motions by Mr. Meyer (Dkt.

Nos. 17, 39, 47, 53) and the Attorney General's motion to dismiss for lack of jurisdiction

(Dkt. No. 30).

I.      BACKGROUND

In January 2024, Mr. Meyer initiated a federal lawsuit against officials from

Olmsted County, Minnesota, alleging that his constitutional rights under the Second, Fifth,

and Fourteenth Amendments to the United States Constitution were violated when he was

denied a firearm purchase permit. *Meyer v. Welsch*, No. 23-CV-0073 (DWF/JFD) (D.

Minn. filed Jan. 10, 2024). That case is pending, with a motion to dismiss fully briefed.

In February 2024, Mr. Meyer filed this suit, alleging essentially the same factual

allegations and naming as defendants (1) United States Attorney General Merrick Garland

and (2) an unnamed agent from the FBI's Biometric Services Section, Criminal Justice Information Services Division, in both their individual and official capacities. (Dkt. No. 1.) Mr. Meyer later dismissed all claims against the Attorney General in his *individual* capacity, leaving only the official-capacity claims. (Dkt. No. 27.)

Pending before the Court are the Attorney General's Motion to Dismiss the remaining claims (Dkt. No. 30), as well as three "Motions" and one "Request" by Mr. Meyer, including: (1) Motion for the Court to Take Judicial Notice of Case No. 24-CV-0073 "and/or" Consolidate Cases (Dkt. No. 17); (2) Motion for Leave to Amend Complaint (Dkt. No. 39); (3) Motion to Compel Response to FOIA Request (Dkt. No. 47); and (4) Request for Declaratory Relief *re* Adequate Service (Dkt. No. 53). The Court addresses these matters in turn.

## II.    ANALYSIS

### A.    Plaintiff's Motion for the Court to Take Judicial Notice of Case No. 24-CV-0073 "and/or" Consolidate Cases (Dkt. No. 17)

Mr. Meyer has filed a "Motion for the Court to Take Judicial [Notice] of US District Court, District of Minnesota Case #24-cv-00073 (Fed. R. Evid. 201(a)–(b)) and/or Consolidate Cases (FRCP 42a)." (Dkt. No. 17.)

Defendants oppose both branches of this motion. *First*, as to the request for the Court to take judicial notice of the related case "and all its associated documents and exhibits filed in the ECF system" (*id.* at 2), Defendants maintain that "judicial notice is appropriate as to adjudicative facts" only (Dkt. No. 19 at 2). Accordingly, Defendants "oppose judicial notice of 'Case #24-cv-00073 and all its associated documents and

2

exhibits filed in the ECF system,' except to establish the fact of the litigation and the existence of the filings." (Dkt. No. 19 at 3.) The Court does not read Mr. Meyer's papers to request more than that. Accordingly, the Court grants the motion as to the request for judicial notice as to the filings of Case No. 24-CV-0073 pending before this Court.

*Second*, as to Mr. Meyer's request to consolidate these cases, Defendants object to his failure to meet and confer as required under Local Rule 7.1, as well as his failure to state what common questions of law and facts he believes to exist so as to justify consolidation. (Dkt. No. 19 at 2–3.)

Under Local Rule 7.1, a moving party "must, if possible, meet and confer with the opposing party in a good-faith effort to resolve *the issues raised by the motion*" and file a statement with the Court stating "*whether the parties agree on the resolution of all or part of the motion.*" L.R. 7.1(a)(1) (emphasis added). Here, Mr. Meyer filed a meet-and-confer statement in support of his motion. (Dkt. No. 18.) The statement provides that: "The moving party met and conferred with opposing party on plaintiff's motion for the court to take judicial notice of US District Court, District of Minnesota case #24-cv-00073, including all associated filings on the ECF system." (*Id.* at 1.) The statement goes on to add, and conclude, that: "The parties could not come to an agreement on a resolution over the above issue." (*Id.*) There is no mention of the alternative request for consolidation.

Accordingly, the Court denies this request for failure to comply with the meet-and-confer requirements of Local Rule 7.1.[1]

---

[1] The Court does not address Defendants' alternative ground for denial of this request, namely that Mr. Meyer fails to meet his burden to establish a basis for consolidation.

**B.**     **Defendant's Motion to Dismiss & Plaintiff's Motion for Leave to
Amend the Complaint (Dkt. Nos. 30 & 39)**

On July 22, 2024, the Attorney General filed a motion to dismiss Mr. Meyer's

complaint under Federal Rule of Civil Procedure 12(b) on the grounds that the Court lacks

subject-matter jurisdiction. (Dkt. No. 30.) On July 29, 2024, Mr. Meyer moved the Court

for leave to amend the Complaint. (Dkt. No. 39.) He filed a proposed Amended Complaint

on the same day. (Dkt. No. 40.) The proposed Amended Complaint names the same

John/Jane Doe and adds several other defendants, but does not name Attorney General

Merrick Garland as a defendant anymore. (*See id.*)

The Attorney General has indicated that he does not oppose Mr. Meyer's motion for

leave to amend because the Federal Rules of Civil Procedure permit plaintiffs to

unilaterally amend their complaints "once as a matter of course." (Dkt. No. 54 at 1 (citing

Fed. R. Civ. P. 15(a)(1)(B) (permitting amendment once "within 21 days after service of a

motion under Rule 12(b)")).) This is correct.

Accordingly, the Court grants Mr. Meyer's motion for leave to amend (Dkt. No. 39)

and vacates as moot the Attorney General's Motion to Dismiss the original Complaint (Dkt.

No. 30).[2] Mr. Meyer's Amended Complaint (Dkt. No. 40) is now the operative pleading.

---

[2]    Because a motion to dismiss is a dispositive motion, however, the undersigned may not
grant or deny the Attorney General's Motion to Dismiss. 28 U.S.C. § 636. In vacating the
motion, the Court notes that it is brought by a defendant who is no longer in the case,
seeking dismissal of a complaint that has now been superseded. Respectful of the
dispositive/non-dispositive dichotomy, the undersigned Magistrate Judge makes no
conclusions concerning the merits of the motion to dismiss as it was originally brought. By
vacating the motion, the undersigned simply acknowledges reality—procedural changes in
this case have made the motion meaningless. The defense, if it wishes, may seek an outright
grant of the motion from the district judge.

And because the Amended Complaint does not name Attorney General Merrick Garland as a defendant anymore, he should be removed from this matter.

### C.        Plaintiff's Motion to Compel Response to FOIA Request (Dkt. No. 47)

Mr. Meyer has also filed a motion pursuant to 5 U.S.C. § 552 to compel Defendants to respond to his previous request made to the FBI under the Freedom of Information Act ("FOIA").[3] (Dkt. No. 47.)

United States District Courts are vested with exclusive original jurisdiction over FOIA cases by Section (a)(4)(B) of FOIA. 5 U.S.C. § 552(a)(4)(B). That section provides that: "On complaint, the district court of the United States . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.*

Thus, by its express terms, Section (a)(4)(B) requires one making a FOIA request to file a FOIA "complaint" in order to confer jurisdiction upon the district court. *See United States v. Whitfield*, No. 18-5718, 2019 U.S. App. LEXIS 578, at \*6 (6th Cir. Jan. 8, 2019) ("Based on the plain language of § 552(a)(4)(B) and the foregoing persuasive authority, we find that a party must file a complaint in a separate civil action in order to challenge an adverse FOIA determination."). A "motion to compel" in an existing civil matter is not the

---

[3]   The Attorney General filed a response in opposition to this motion. (Dkt. No. 55.) However, because Mr. Meyer has amended his Complaint and removed Attorney General Merrick Garland from this case, the Court does not consider the opposition here. The Court notes only that the Court's analysis is premised on certain propositions similar to those advanced by the Attorney General in his opposition.

same as a "complaint" under the Act. *See id.*; *compare* 5 U.S.C. § 552(b), *with* Fed. R. Civ. P. 7 (distinguishing between motions and types of pleadings, such as complaints).

In short, a "motion to compel" is not the appropriate vehicle to seek compliance with a FOIA request. Mr. Meyer's failure to file a complaint in a separate civil action means that the Court lacks subject-matter jurisdiction over the FOIA request at issue. The Court thus denies Mr. Meyer's Motion to Compel Response to FOIA Request (Dkt. No. 47).

### D.    Plaintiff's Request for Declaratory Relief (Dkt. No. 53)

Finally, Mr. Meyer has filed a "Request for Declaratory Relief re: Adequate Service of John and Jane at CJIS in Their Official Capacity." (Dkt. No. 53.) He asks the Court to grant declaratory relief in the form of a finding that "adequate service upon John and Jane Doe at [the FBI's Criminal Justice Information Services Division ("CJIS")] has been achieved pursuant to [Federal Rule of Civil Procedure] 4(i)(2)." (Dkt. No. 53 at 1.) Defendants oppose the request for failure to state any basis for declaratory relief. (Dkt. No. 56 at 1.)

Indeed, Mr. Meyer's request includes no basis whatsoever for the declaratory relief he seeks. (*See* Dkt. No. 53.) The Court thus denies Mr. Meyer's request (Dkt. No. 53) for failure to "state with particularity the grounds" to grant the requested relief. *See* Fed. R. Civ. P. 7(b). Accordingly, Mr. Meyer is ordered to file proof of service of the Amended Complaint on Defendants within 14 days of the date of this Order or advise the Court in writing of any good cause to the contrary. Failure to comply with this Order may result in dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 4(m).

**Mr. Meyer's "Request" Fails to Comply with the Local Rules of This Court.**

Defendants also point out that Mr. Meyer's "request" fails to comply with Local Rule 7.1,

which applies to all motions in civil matters before the U.S. District Court for the District

of Minnesota. (Dkt. No. 56 at 1.) In his reply brief (filed without leave from the Court),

Mr. Meyer argues that a "request" is different from a "motion" subject to these

requirements because he is not asking for "a court order" as contemplated under the Federal

Rules of Civil Procedure. (*See* Dkt. No. 57.)

To support this proposition, Mr. Meyer quotes the language of the Federal

Declaratory Judgment Act that authorizes declaratory relief in civil matters. But his

reliance on that language to bypass the Federal Rules of Civil Procedure and Local Rules

is misplaced. The Act makes clear that declaratory relief is available only "upon the filing

of an appropriate pleading," 28 U.S.C. § 2201(a), which must comply with the rules

governing the filing of pleadings before the Court.

Put differently, in order to trigger action by the Court, a litigant must file a *motion*

pursuant to Federal Rule of Civil Procedure 7(b). *See Motus, LLC v. Cardata Consultants,*

*Inc.*, 23 F.4th 115, 127–28 (1st Cir. 2022) ("After all, it is elementary that a 'request for a

court order must be made by motion,' Fed. R. Civ. P. 7(b), and that an informal request for

a court order ordinarily will not suffice to preserve a party's rights."). And any such motion

must comply with the requirements of the governing Federal Rules of Civil Procedure—as

well as the Local Rules. *See also Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005)

("Even pro se litigants must comply with court rules and directives."). These include the

requirements under Local Rule 7.1, part of which is identified and discussed above. *See*

*generally* L.R. 7.1, https://www.mnd.uscourts.gov/sites/mnd/files/LR-7-1.pdf. Failure to comply with court rules and directives may result in summary denial of a motion.

## III.   ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion for the Court to Take Judicial Notice and/or Consolidate Cases (Dkt. No. 17) is **GRANTED IN PART** and **DENIED IN PART** as set forth above;

2. The Attorney General's Motion to Dismiss the Complaint (Dkt. No. 30) is **VACATED AS MOOT**;

3. Plaintiff's Motion for Leave to Amend the Complaint (Dkt. No. 39) is **GRANTED**;

4. Attorney General Merrick Garland is **TERMINATED** from this matter;

5. Plaintiff's Motion to Compel Response to FOIA Request (Dkt. No. 47) is **DENIED**;

6. Plaintiff's Request for Declaratory Relief (Dkt. No. 53) is **DENIED**; and

7. Plaintiff shall file proof of service of the Amended Complaint (Dkt. No. 40) on Defendants within 14 days of the date of this Order or advise the Court in writing of any good cause to the contrary.


Date: September 3, 2024                    */s John F. Docherty*
                                           JOHN F. DOCHERTY
                                           United States Magistrate Judge


8